UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

LUC JEAN PHILIPPE,

                            Plaintiff,

               -against-

RED LOBSTER RESTAURANTS LLC,
DARDEN CORPORATION, EDWARD
BERMUDEZ, MAITE ACOSTA, and MICHAEL
ABRAMS,

                           Defendants.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/2015

15-CV-2080 (VEC)

MEMORANDUM
OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

       Plaintiff Luc Jean Philippe (referred to at times in the record as Luc Jean-Philippe) brings this action against his former employer and several of his former supervisors, alleging discrimination on the basis of his race and ethnicity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; employment discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq*; and breach of contract. Second Am. Compl. ("SAC"). Defendants Red Lobster Restaurants LLC and Edward Bermudez (collectively, the "Red Lobster Defendants") move to compel arbitration. Defendants Darden Corporation, Maite Acosta, and Michael Abrams have not yet been served. For the following reasons, the Red Lobster Defendants' motion is GRANTED and the case is STAYED. The Red Lobster Defendants' motion for attorneys' fees is DENIED.

## BACKGROUND

       Philippe, a black Haitian, began working at a Red Lobster restaurant as a busboy in 2004. SAC ¶¶ 9, 11. He seeks damages based on Defendants' hostile work environment, their failure to promote him, and their breach of contract – to wit, their failure to adhere to their own dispute

resolution procedure ("DRP").  *Id.* ¶¶ 113-18.  He alleges that his bosses regularly referred to him as "hood" and called him derogatory names, made false accusations against him, and ultimately terminated him.  *Id.* ¶¶ 17-18, 33, 70, 84.  He further alleges that his efforts to report his bosses' discriminatory activity led to retaliation.  *Id.* ¶¶ 52-54, 67, 82, 89.

When Philippe applied to work at Red Lobster he filled out the company's standard employment application, which provided (under the heading "Please read the following carefully and sign below"):

> I UNDERSTAND THAT GMRI, INC., D/B/A RED LOBSTER HAS IN PLACE A DISPUTE RESOLUTION PROCEDURE, AND I FURTHER ACKNOWLEDGE THAT IF I AM OFFERED AND ACCEPT EMPLOYMENT, ANY DISPUTE BETWEEN ME AND GMRI, INC., RELATING TO MY EMPLOYMENT AND/OR MY SEPARATION FROM EMPLOYMENT, SHALL BE SUBMITTED WITHIN ONE (1) YEAR OF THE DAY WHICH I LEARNED OF THE EVENT AND SHALL BE RESOLVED PURSUANT TO THE TERMS AND CONDITIONS OF THE DISPUTE RESOLUTION PROCEDURE.

Declaration of Jim Hughes in Support of Defs.' Motion to Compel Arbitration and to Dismiss the Action ("Hughes Decl."), Dkt. 28, Ex. A.  Philippe signed and dated the form.  *Id.*

The DRP is described in Red Lobster's Crew Member Standards Book, Hughes Decl. Ex. B.  Red Lobster's DRP requires employees who have disputes related to their employment to avail themselves of the company's "Open Door Policy," *id.* at 18; if that fails to resolve the dispute, then the next three steps are peer review, mediation, and arbitration, *id.*  The book clearly provides that: "As a Red Lobster crew member, you agree to use DRP as the *only* method for resolving any eligible disputes you may have with the company, instead of going through the much more complicated, costly and time-consuming hassle of taking it [sic] to court.  The company is equally obligated to use DRP."  *Id.* (emphasis in original).  On May 24, 2004, Philippe signed a form acknowledging that he had reviewed the book and specifically providing:

> I have received information entitled "Can We Talk?"  Dispute Resolution at Red Lobster (DRP), which contains a description of DRP.  I have read this information

> and understand and agree to the terms and conditions of DRP and understand that Red Lobster is equally bound.  I agree, as a condition of my employment at Red Lobster, to submit any eligible disputes I may have to the company's DRP and to abide by the provisions outlined in Darden's Dispute Resolution Procedure.  I understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by DRP.

Hughes Decl. Ex. C.

Red Lobster updated its DRP booklet in June 2014.  Hughes Decl. ¶ 5.  A revised booklet, containing a 14-page detailed overview of the DRP and each of the four steps ("open door," peer review, mediation, and arbitration), was provided to Philippe in 2014.  *Id.*; *see* Hughes Decl. Ex. D.  On August 7, 2014, Philippe acknowledged receipt of and agreement to the revised DRP booklet.  Hughes Decl. Ex. E.  The revised DRP handbook once again stated that:

> The DRP, instead of court actions, is the sole means for resolving covered employment-related disputes.  Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator.  This means DRP-eligible disputes will not be resolved by judge or jury.

*Id.* at 1 (emphasis omitted).  The handbook further provides that "the arbitrator has the sole authority to determine whether a dispute is arbitrable and whether it has been timely filed and pursued," *id.* at 6, and that "the arbitrator shall resolve any dispute arising out of or relating to the interpretation or application of the DRP or its rules, or any arbitration rules or procedures," *id.* at 6-7.

The extent to which Philippe complied with these procedures is subject to some dispute.  Philippe alleges that Defendants "breached their own dispute resolution agreement" by "refusing to take corrective measures when he availed himself of [Defendants'] open door policy to make complaints about discrimination."  SAC ¶ 101.  He further alleges that Defendants thwarted his attempt to seek peer review by "claiming he was not eligible and refusing to forward him necessary paperwork to initiate Peer Review, such as the DRP submission form."  *Id.* ¶ 103.

The Red Lobster Defendants move to compel arbitration or to dismiss Philippe's federal claims as untimely. Because the DRP provides for mandatory arbitration of all disputes arising from Philippe's employment, the Red Lobster Defendants' motion is granted.

## DISCUSSION

### I.  Red Lobster's Motion to Compel Arbitration Is Granted

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "'a written provision in a contract to settle by arbitration a controversy thereafter arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Cohen v. UBS Fin. Servs., Inc.*, --- F.3d ---, ---, No. 14-781-cv, *slip op.* at 8 (2d Cir. June 30, 2015) (quoting 9 U.S.C. § 2) (alterations omitted)). Courts "apply a 'presumption of arbitrability' if the 'arbitration agreement is ambiguous about whether it covers the dispute at hand.'" *Lloyd v. J.P. Morgan Chase & Co.*, --- F.3d ---, ---, No. 13-3963-cv, *slip op.* at 9 (2d Cir. June 29, 2015) (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301 (2010)). Nevertheless, "if an arbitration clause is best construed to express the parties' intent *not* to arbitrate certain disputes, that intent controls and cannot be overridden by the presumption of arbitrability." *Id.* at ---, *slip op.* at 10 (emphasis in original). In weighing whether a contract requires arbitration, "'the court applies a standard similar to that applicable for a motion for summary judgment." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 113 (2d Cir. 2012) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (alteration omitted)). It is therefore "'proper (and in fact necessary) to consider extrinsic evidence when faced with a motion to compel arbitration,' *BS Sun Shipping Monrovia v. Citgo Petroleum Corp.*, No. 06-CV-839(HB), 2006 WL 2265041, at *3 n.6 (S.D.N.Y. Aug. 8, 2006), and 'if the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact

to be tried,' *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995)." *Whitt v. Prosper Funding LLC*, No. 15-CV-136(GHW), 2015 WL 4254062, at *3 (S.D.N.Y. July 14, 2015) (other internal citations and alterations omitted).

"In resolving a claim that an action must be directed to arbitration under an arbitration agreement, this Court must determine: (i) whether the parties entered into an agreement to arbitrate; (ii) if so, the scope of that agreement; (iii) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (iv) if some, but not all, claims are subject to arbitration, whether to stay the balance of the proceedings pending arbitration." *Arnold v. D'Amato*, No. 14-CV-6457(PAE), 2015 WL 4503533, at *5 (S.D.N.Y. July 23, 2015).

The existence of an agreement to arbitrate is incontrovertible in this case; Philippe agreed to arbitrate all disputes arising from his employment at Red Lobster when he applied for employment and when he confirmed his understanding of and agreement to the DRP (and, later, the updated DRP procedures) after he was hired. Hughes Decl. Exs. A, C, E. The scope of the agreement covers all of Philippe's claims, and none of Philippe's claims concerns nonarbitrable statutory rights. Accordingly, Plaintiff is required to pursue this matter in arbitration.

Philippe makes two arguments[1] suggesting that arbitration is inappropriate – first, he argues that Defendants' non-compliance with the DRP rendered their agreement void; second, he argues that the parties' delegation of the question of arbitrability was insufficient to reserve that question for the arbitrator. Neither argument is persuasive. [2]

---

[1] Although Philippe's opposition brief was filed late, the Court rejects the Red Lobster Defendants' invitation to strike the brief and consider the motion unopposed. Philippe's brief was due on July 20, 2015, and was filed July 21, 2015, at 2:12 a.m. Because this minimal delay could not possibly have prejudiced Defendants, the Defendants' suggestion that the brief be stricken strikes the Court as mean-spirited.

[2] It is worth noting that Philippe would need to prevail on *both* arguments to pursue his claims in court. A finding either that Philippe's challenge to arbitrability presents a "procedural question," or that the question at issue

Relying on the "principle that arbitration is a matter of contract," *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. ---, ---, 133 S. Ct. 2304, 2309 (2013), Philippe first argues that "generally applicable contract defenses, such as fraud, duress, or unconscionability," *AT&T Mobility LLC v. Concepcion*, 563 U.S. ---, ---, 131 S. Ct. 1740, 1746 (2011) (citation omitted), bar the enforcement of the parties' agreement to arbitrate. Specifically, Philippe points to New York cases holding that one party's failure to abide by the terms of a contract discharges the nonbreaching party's failure to comply with a contract. Pl. Mem. at 3 (citing *Grace v. Nappa*, 46 N.Y.2d 560 (1979)).

The question of whether Defendants have complied with the DRP is a question for the arbitrator in the first instance. "The Supreme Court has 'distinguished between 'questions of arbitrability,' which are to be resolved by the courts unless the parties have clearly agreed otherwise, and other 'gateway matters,' which are presumptively reserved for the arbitrator's resolution.'" *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 393-94 (2d Cir. 2011) (quoting *Mulvaney Mech. Inc. v. Sheet Metal Workers Int'l Ass'n, Local 38*, 351 F.3d 43, 45 (2d Cir. 2003) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002))). The standard issues reserved for judicial determination are "'disputes about whether the parties are bound by a given arbitration clause' and 'disagreements about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.'" *Anderson v. Beland (In re Am. Express Fin. Advisors Sec. Litig.)*, 672 F.3d 113, 131 (2d Cir. 2011) (quoting *Howsam*, 537 U.S. at 84) (alterations omitted). On the other hand, "'procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide.'" *Ecuador*, 638 F.3d at 393-94 (quoting *Howsam*, 537 U.S. at 84)

---

was reserved by contract for the arbitrator, would be independently sufficient to compel arbitration. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 69 (2010).

(emphasis in original). "The Supreme Court has held that the question of whether or not necessary prerequisites to arbitration as set forth in an arbitration agreement have been met is procedural in nature." *Cody v. Darden Rests.*, No. 12-CV-484(SJF)(ETB), 2012 WL 6863922, at *2-3 (E.D.N.Y. Oct. 11, 2012), *report and recommendation adopted by* 2013 WL 170367 (E.D.N.Y. Jan. 11, 2013), *aff'd by* 561 F. App'x 25, 26 (2d Cir. 2014) (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). Philippe has not identified any authority holding that one party's failure to abide by the procedures specified in a dispute resolution process constitutes a substantive, rather than a procedural, dispute about arbitrability.

Philippe also challenges as insufficient the DRP's "delegation provision," which provides that the question of arbitrability is a question for the arbitrator. Specifically, the DRP booklet provides that: "the arbitrator shall resolve any dispute arising out of or relating to the interpretation or application of the DRP or its rules," which would plainly encompass Philippe's challenge that Defendants have not adhered to the four-step dispute resolution process. Hughes Decl. Ex. D at 6-7; *see also id.* at 6 ("[T]he arbitrator has the sole authority to determine whether a dispute is arbitrable and whether it has been timely filed and pursued."). Philippe's challenge relies on the Supreme Court's decision in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010). In *Jackson*, the Supreme Court interpreted an arbitration provision that provided "that 'the Arbitrator shall have exclusive authority to resolve any dispute relating to the enforceability of this Agreement including, but not limited to[,] any claim that all or any part of this Agreement is void or voidable.'" 561 U.S. at 68 (quoting arbitration agreement) (alterations omitted). Holding that the delegation provision of the agreement to arbitrate was severable from the agreement itself, the Supreme Court held that Jackson's unconscionability challenge to the agreement should be determined by the arbitrator. *Id.* at 71-72.

In holding that Jackson's challenge was a question for the arbitrator, the Supreme Court noted that Jackson "challenged only the validity of the contract as a whole. Nowhere in his opposition to Rent-A-Center's motion to compel arbitration did he even mention the delegation provision." *Id.* at 72. Seizing on this language, Philippe argues that he *is* challenging the delegation provision at issue here. Pl. Mem. at 7 ("In stark contras [sic] to this Supreme Court case, Luc Jean Philippe is vigorously contesting the delegation provision in Red Lobster's DPR [sic] booklet."). Saying it, however, does not make it so – Philippe does not articulate a single reason why the DRP's delegation provisions are insufficient to relegate to the arbitrator the question of arbitrability, particularly where, as here, that question involves interpretation of the DRP procedures. The Court sees none. Philippe's objections to Defendants' motion to compel arbitration are unpersuasive; the motion is granted.

The Second Circuit has held that when "all claims have been referred to arbitration and a stay requested," district courts must stay an action instead of dismissing it. *Katz v. Cellco P'ship*, --- F.3d ---, ---, Nos. 14-138-cv(L), 14-291(XAP), *slip op.* at 8 (2d Cir. July 28, 2015). On July 29, 2015, Red Lobster Defendants requested "that the Court . . . stay this action pending a final decision by the arbitrator." Adam R. Seldon Letter of July 29, 2015, Dkt. 37, at 2. Accordingly, this action is STAYED.

## II.     Defendants' Motion for Attorneys' Fees and Costs Is Denied

The Red Lobster Defendants ask the Court to award them attorneys' fees and costs in connection with their motion to compel arbitration, relying on Judge Gardephe's decision in *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10-CV-1853(PGG), 2011 WL 1002439 (S.D.N.Y. Mar. 16, 2011).[3] Judge Gardephe found that the corporate defendants in that case

---

[3] The Red Lobster Defendants cite one other case in support of their request for attorneys' fees – *Sands Bros. & Co., Ltd. v. Nasser*, No. 03-CV-8128(BSJ), 2004 WL 26550 (S.D.N.Y. Jan. 5, 2004). In that case, a number of

"proceeded in the 'utmost bad faith' in seeking to frustrate [the plaintiff's] right to have the parties' dispute proceed to arbitration." *Id.* at *4. Although the Court sides with Red Lobster's motion to compel arbitration in all respects, there is no evidence that Philippe has proceeded in bad faith sufficient to warrant such a severe sanction. *Accord Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322, 340 (S.D.N.Y. 2014) (collecting cases); *Crystal Pool AS v. Trefin Tankers Ltd.*, No. 12-CV-9417(RA), 2014 WL 1883506, at *4 (S.D.N.Y. May 9, 2014); *Dodge Hyundai of Paramus v. United Welfare Fund*, No. 11-CV-979(ARR), 2011 WL 4356373, at *8 (E.D.N.Y. Sept. 16, 2011).

## CONCLUSION

For the foregoing reasons, the Red Lobster Defendants' motion to compel arbitration is GRANTED and the case is STAYED as against all defendants. The Red Lobster Defendants' motion for attorneys' fees is DENIED. The Clerk of the Court is respectfully directed to terminate docket entry 26 and to place this case on the Court's suspense docket. Defendant Red Lobster Restaurants LLC is directed to file a brief letter every three months informing the Court of the status of the arbitration (the first report is due October 5, 2015).

**SO ORDERED.**

**Date: August 3, 2015**  **VALERIE CAPRONI**
**New York, New York**  **United States District Judge**

---

entities and individuals sued to enjoin an individual customer from pursuing an arbitration action against them. *Id.* at *1. Judge Jones required the plaintiffs, who shared an attorney between five individuals and four corporations, to reimburse part of the individual customer's attorneys' fees. *Id.* at *3. The Red Lobster Defendants have not cited a single case in which an individual seeking to vindicate his civil rights in federal court was deemed responsible for a corporate defendant's fees incurred in removing the action to arbitration; Philippe's arguments in this case, although unpersuasive, are not so outrageous as to permit the Court to seriously entertain such a motion.